HOMER P. HAND, Respondent, v. HENRY B. BOLAND et al., Individually and Doing Business as H. B. BOLAND & COMPANY, Appellants.

PER CURIAM. The evidence disclosed the intention of the parties to have all coupons which had matured after the date of default by the municipality accompany the bonds sold. The date, October 1, 1938, was placed on the confirmations of sales because both parties mistakenly believed that to be the date of actual default. In fact it appears that October 1, 1937, was the correct date of default. Under the circumstances plaintiff was properly awarded judgment, but should not have been awarded any equitable relief nor any damages based on the retention by the seller of coupons maturing on October 1, 1936, or on April 1, 1937. We find no intention on the part of the defendants to stipulate liability as to these earlier coupons. The judgment should be modified by reducing it to $2,150, with interest and costs, and by eliminating therefrom all provisions for equitable relief; and, as so modified, affirmed, without costs to either party on this appeal.

Present — Martin, P. J., Glennon, Dore, Cohn and Callahan, JJ.

Judgment unanimously modified by reducing it to $2,150, with interest and costs, and by eliminating therefrom all provisions for equitable relief; and, as so modified affirmed, without costs to either party on this appeal. Settle order on notice.